GEORGE W. MULL, State Bar No. 133348
LAW OFFICE OF GEORGE W. MULL
917 7th Street, Suite 210
Sacramento, CA 95814
Telephone:  (916) 456-0100
Facsimile:  (916) 583-7464
Email:  george@georgemull.com

J. EDWARD BROOKS, State Bar No. 247767
LAW OFFICE OF J. EDWARD BROOKS
901 H Street, Suite 307
Sacramento, CA 95814
Telephone:  (916) 913-9286
Facsimile:  (916) 943-1639
Email:  ed@edbrooks-law.com

KIRILL B. TARASENKO, State Bar No. 283986
TARASENKO LAW
845 University Avenue
Sacramento, CA 95825
Telephone: (916) 542-0201
Facsimile:  (916) 848-3323
Email:  kirill@tarasenkolaw.com

Attorneys for ROBERT H. WATTS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT H. WATTS,<br><br>             Plaintiff,<br><br>v.<br><br><br>CHICKEN RANCH CASINO,<br>CHICKEN RANCH RANCHERIA OF<br>ME-WUK INDIANS OF CALIFORNIA,<br>and DOES 1 – 20,<br><br>             Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR DISCRIMINATION (VIOLATION OF ADEA 29 U.S.C. § 621 et seq.)**<br><br><br>**DEMAND FOR JURY TRIAL** |

1.

PLAINTIFF ROBERT H. WATTS ("Plaintiff") alleges against DEFENDANTS CHICKEN RANCH CASINO, CHICKEN RANCH RANCHERIA OF ME-WUK INDIANS OF CALIFORNIA (collectively "Defendants"), and DOES 1 – 20 as follows:

## I.   INTRODUCTION

1.     This is an action seeking redress from the violation of rights guaranteed to Plaintiff by the Age Discrimination in Employment Act ("ADEA") of 1967, as amended, 29 U.S.C. § 621, *et seq*.

2.     Plaintiff is an adult person and a resident of the County of Tuolumne, State of California

3.     Plaintiff is an individual protected by the application of the ADEA, 29 U.S.C. §§ 623 and 631(a), in that Plaintiff, at present seventy-two years of age, white, male citizen of the United States of America, and at all times herein relevant was at least 40 years of age.

4.     By this action, Plaintiff seeks equitable and monetary relief under the ADEA, 29 U.S.C. § 626(b) and (c), monetary relief, including back pay, front pay, liquidated damages, prejudgment interest, attorney's fees and costs of suit, and injunctive relief, including an order requiring Defendant to reinstate Plaintiff to his previous position, for said discriminatory treatment of Plaintiff in violation of the ADEA.

## II.   JURISDICTION

5.     Jurisdiction of this Court is invoked under the ADEA, 29 U.S.C. § 630(b), which gives jurisdiction of any action under the ADEA to any court of competent jurisdiction.

6.     On May 21, 2013, Plaintiff timely filed a charge of discrimination against Defendants with the United States Equal Employment Opportunity Commission ("EEOC").

7.     On March 31, 2014, the EEOC issued Plaintiff a "Notice of Right to Sue" dated March 31, 2014, attached to this Complaint as "Exhibit A", informing and advising Plaintiff of his right to sue under the ADEA.

8.     Plaintiff has timely filed an action in this Court.

///

///

### III. VENUE

9.     The unlawful employment practices alleged below were committed within the State of California, County of Tuolumne.  Accordingly, venue lies in the United States District Court, Easter District of California, under 28 U.S.C. § 1391(b).

### IV. PARTIES

10.     Plaintiff Robert H. Watts is a white, male United States Citizen and a resident of Tuolumne County, California.  At present, Plaintiff is seventy-two years of age.  At the time of the alleged wrongful conduct by the Defendant, Plaintiff was seventy-one years of age.  Plaintiff is not a member of the Chicken Ranch Rancheria of Me-Wuk Indians of California.

11.     Defendant Chicken Ranch Rancheria of Me-Wuk Indians of California is a federally recognized tribe of Me-Wuk people in Tuolumne County, California.

12.     Defendant Chick Ranch Casino, is a tribal gaming casino offering Class III gaming activities to the general public pursuant to a Tribal-State Compact between the State of California and the Chicken Ranch Rancheria of Me-Wuk Indians of California authorized by the Indian Gaming Regulatory Act of 1988, with its principal place of business at 16929 Chicken Ranch Road, Tuolumne County, California.

13.     Defendants Chicken Ranch Casino and Chicken Ranch Rancheria of Me-Wuk Indians of California are an employer as defined by the ADEA, 29 U.S.C. § 630(b), in that Defendants engage in an industry affecting commerce and has had more than 20 employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

### V. STATEMENT OF FACTS

14.     In the course of operating a tribal gaming casino that is open to and serves the general public, virtually all employees of Defendant Chicken Ranch Casino are non-tribal members.

15.     Plaintiff was hired by Defendants on or about December 1997 as a Bingo Manager.

16.     On January 18, 2013, Defendants discriminated against Plaintiff because of Plaintiff's age, in that Defendants terminated Plaintiff's employment and replaced Plaintiff with a younger, less qualified employee.

17.     As of the date of Plaintiff's unlawful termination, and at all times herein mentioned,

Plaintiff was in all respects qualified for the position of Bingo Manager.

18.     At all relevant times, Lloyd Mathiesen ("Mathiesen") was the Tribal Office Chairman of Defendants Chicken Ranch Rancheria of Me-Wuk Indians of California and Chicken Ranch Casino.

19.     After Defendants terminated Plaintiff, an employee overheard a conversation between Mathiesen, new General Manager Randy Carter ("Carter"), and acting General Manager James Smith ("Smith").  The employee heard Mathiesen state, "Just like I told you James, out with the old and in with the young."  The employee then overheard Mathiesen refer to employees as "old fucks."

20.     A few days after the employee overheard Mathiesen's discriminatory remarks, Smith was heard congratulating newly promoted Casino Floor Manager Chris Catario ("Catario") by exclaiming, "Out with the old, in with the young!"  The statement was in reference to Catario, who was approximately twenty-eight years of age at the time, replacing Darcy Foster who was sixty-one years of age at the time of his termination by Defendants.

21.     Mathiesen, Smith and Carter followed through on their discriminatory proclamations, terminating Plaintiff and several other employees over 50 years of age and replacing them with younger, less qualified employees.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Age Discrimination in Violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*. – Disparate Treatment)**

22.     The allegations set forth in the above paragraphs are hereby re-alleged and incorporated herein by reference.

23.     Defendants' conduct as alleged above constitutes disparate treatment in violation of the ADEA of 1967, as amended, 29 U.S.C. § 621, *et seq*. in that Defendants intentionally terminated Plaintiff's employment solely because Plaintiff was over 40 years of age.

///

///

///

**SECOND CAUSE OF ACTION**

**(Age Discrimination in Violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*. – Disparate Impact)**

24.    The allegations set forth in the above paragraphs are hereby re-alleged and incorporated herein by reference.

25.    Defendants' policy or practice that caused Plaintiff's termination consists of terminating older employees, specifically employees over 50 years of age.  This policy or practice has a disparate impact on Plaintiff and other persons his age, in that it causes persons of Plaintiff's age to be demonstrably disadvantaged, vis-à-vis younger employees and/or candidates seeking employment with Defendants will not be terminated and/or will be hired to replace older employees.

## VII.    DAMAGES

26.    Defendants' discriminatory actions against Plaintiff, which constitutes an unlawful employment practice in violation of the ADEA of 1967, as amended, 29 U.S.C. § 621, *et seq*., has and will continue to cause Plaintiff losses of earning, from the date of January 18, 2013, until Plaintiff is reinstated to his previous position with Defendants.

27.    Defendants' discriminatory actions against Plaintiff, which constitutes an unlawful employment practice in violation of the ADEA of 1967, as amended, 29 U.S.C. § 621, *et seq*., has also caused and will continue to cause Plaintiff loss of seniority, and losses of all other benefits accruing to said promotional opportunity, from the date of January 18, 2013, until Plaintiff is reinstated to his previous position with Defendants.

28.    As a further proximate result of Defendants' unlawful and intentional discriminatory actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities as experience in the position from which Plaintiff was terminated.  As a result of such discrimination and consequent harm, Plaintiff has suffered damages in an amount according to proof.

29.    Plaintiff has no adequate remedy at law to secure the relief of Plaintiff's loss of employment.  If this court does not enter an order to reinstate Plaintiff to Plaintiff's previous position with Defendants, and order retroactive seniority for that position to the date Plaintiff was terminated,

Plaintiff will be irreparably injured.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.     For back pay, with prejudgment interest, from January 18, 2013, pursuant to the ADEA of 1967, as amended, 29 U.S.C. § 621, *et seq.*;

2.     For front pay, for the period from the date of judgment to the date at which Plaintiff is actually reinstated by Defendants to the position Plaintiff was terminated from because of the discrimination;

3.     For liquidated damages in double the amount of the total monetary damages pursuant to ADEA 29 U.S.C. § 626(b) for Defendants' willful conduct in discriminating against Plaintiff;

4.     For injunctive relief, including but not limited to reinstatement of Plaintiff to his previous position with Defendants, including retroactive seniority and all other benefits of said retroactive reinstatement, and for all other injunctive relief required to make Plaintiff whole for the losses caused by the violations of Defendants;

5.     For costs of suit, including reasonable attorney's fees and expert fees, pursuant to ADEA 29 U.S.C. § 626(b) and other applicable laws;

6.     For demand for jury trial pursuant to ADEA 29 U.S.C. § 626(c); and

7.     For such other and further relief as the court deems proper.

///
///
///
///
///
///
///
///
///
///

LAW OFFICE OF GEORGE W. MULL


By: _____//S//_____
        GEORGE W. MULL


LAW OFFICE OF J. EDWARD BROOKS


By: _____//S//_____
        J. EDWARD BROOKS


TARASENKO LAW


By: _____//S//_____
        KIRILL B. TARASENKO

        Attorneys for Plaintiff
        ROBERT H. WATTS

# EXHIBIT A

EEOC Form 161-B (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Robert Watts | From: | San Francisco District Office |
|---|---|---|---|
| | C/O Law Offices Of George Mull | | 450 Golden Gate Avenue |
| | 917 7th Street, Suite 210 | | 5 West, P.O. Box 36025 |
| | Sacramento, CA 95814 | | San Francisco, CA 94102 |

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **550-2013-01084** | **Krystal L. Clark,** Investigator | **(415) 522-3129** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*(signature)*        3/31/14

Enclosures(s)       **Michael Baldonado,** **District Director**     *(Date Mailed)*

cc:    **Lester Marston** **Trial Attorney** **LAW OFFICES OF RAPPORT AND MARSTON** **405 W. Perkins Street** **Ukiah, CA 95482**